**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**DWAYNE KEYES**                                    **CIVIL ACTION NO.**

**VERSUS**                                          **19-627-SDD-EWD**

**FARMERS TEXAS COUNTY MUTUAL**
**INSURANCE COMPANY, ET AL.**

## NOTICE AND ORDER FOR TELEPHONE CONFERENCE

Before the Court is the Motion for Contempt ("Motion"),[1] filed by Farmers Texas Mutual Insurance Company and Oscar White (collectively, "Defendants"). Per the Motion, Defendants request that the Court hold Rene's Industries, Inc. ("Rene's") in contempt under Fed. R. Civ. P. 45 for its failure to respond to Defendants' third-party subpoena and order Rene's to immediately produce documents requested by the subpoena. Defendants also request that Rene's be ordered to pay its attorneys' fees for filing this Motion.

Dwayne Keyes ("Plaintiff") filed suit against Defendants in state court on August 16, 2019 ("Petition").[2] Per his Petition, Plaintiff alleges that he sustained "severe and disabling injuries" because of a motor vehicle accident caused by Defendants.[3] Plaintiff seeks damages for his injuries, including lost wages.[4]  On March 26, 2020, Defendants issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") to Rene's.[5] The Subpoena was served on Rene's registered agent, Rene J. Esneault, via U.S. Mail, Certified Mail Return Receipt Requested, on April 2020.[6]

The Subpoena seeks "information…of the nature of employment and wage information

---

[1] R. Doc. 13.
[2] R. Doc. 1-5.
[3] *Id*.
[4] *Id*. at ¶ 11.
[5] R. Doc. 13-2.
[6] R. Doc. 11; R. Doc. 13-3.

regarding [Plaintiff] and his employment with Rene's…"[7] Defendants claim they need this information to provide to their "economic expert in order to produce an expert report pursuant to the Court's Scheduling Order [Doc. 7] issued in this matter as [P]laintiff is making a lost wage claim."[8] On the Subpoena's original return date (April 9, 2020), Deedee Esneault ("Ms. Esneault") contacted Defendants via e-mail about the Subpoena.[9] Defendants later spoke with Rene Esneault ("Mr. Esneault"), the registered agent for, and owner of, Rene's, about the Subpoena and what information was being requested.[10] Mr. Esneault explained that Plaintiff "would be in possession of any information requested in the [S]ubpoena."[11] Defendants followed up the call with an e-mail to Mr. Esneault regarding the documents sought by the Subpoena, as well as a potential date by which he thought Rene's could produce said documents.[12] Over the next few weeks, Defendants followed up with Rene's several times to obtain the requested documents.[13] Despite Defendants' efforts, Rene's never responded to the Subpoena or produced any documents requested by the Subpoena.[14] Now, Defendants ask the Court to hold Rene's in contempt under Fed. R. Civ. P. 45, to order Rene's to provide the requested documents and things in the Subpoena immediately, and to order Rene's to "pay all reasonable attorney's fees for the filing of this [M]otion."[15]

Based on the foregoing, combined with the procedural posture of this case,[16] a telephone

---

[7] R. Doc. 13-1, p. 1; R. Doc. 13-2.
[8] R. Doc. 13-1, p. 1.
[9] R. Doc. 13, ¶ 4; R. Doc. 13-4.
[10] *Id*. at ¶ 5; R. Doc. 13-5.
[11] *Id*. at ¶ 6.
[12] *Id*. at ¶ 6; R. Doc. 13-5.
[13] *Id*. at ¶¶ 6-10; R. Doc. 13-5.
[14] *Id*. at ¶ 10; R. Doc. 13-1, p. 2.
[15] *Id*.
[16] A Scheduling Order is in place (R. Doc. 7), and a jury trial is set for March 8, 2021 (R. Doc. 9). The parties are set to participate in a settlement conference before the undersigned on June 4, 2020. R. Doc. 10. Recently, due to ongoing COVID-19 pandemic and related stay-at-home orders, Defendants filed an Unopposed Motion for Relief from Scheduling Order Pursuant to Rule 16, seeking to extend certain discovery-related deadlines. R. Doc. 12. The Court granted the motion and extended (1) the deadline to complete all discovery except experts and file all discover motion to June 1, 2020; (2) the deadline to complete expert discovery to August 15, 2020; and (3) the deadline to file dispositive motions and Daubert motions to August 15, 2020 (R. Doc. 14), which was granted. R. Doc. 16.

conference to discuss the issues raised in Defendants' Motion is warranted.

Accordingly,

**IT IS ORDERED** that a telephone conference is set for **Friday, May 29, 2020, at 10:00 AM** before Magistrate Judge Erin Wilder-Doomes to discuss the Motion for Contempt,[17] filed by Defendants. The purpose of the conference is to discuss the pending Motion prior to the deadline to file an opposition memorandum, therefore, it is not necessary for Plaintiff or Rene's to provide an opposition memorandum before the telephone conference. If the conference does not resolve the issues raised in the Motion, an opposition memorandum may still be filed within the deadlines imposed by Local Civil Rules. Counsel participating in the telephone conference shall call 877-336-1839 using access code 9565780 five minutes prior to conference.

**IT IS FURTHER ORDERED** that Defendants shall serve a copy of this Order on Rene's Industries, Inc. in the same manner in which it served the Subpoena. Defendants shall also notify Rene's Industries, Inc. of the telephone conference and provide a copy of this Order via e-mail to the following e-mail addresses: desneault@renesindustries.com, resneault@renesindustries.com, khebert@renesindustries.com, and mlandry@renesindustries.com.

Signed in Baton Rouge, Louisiana, on May 21, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Doc. 13.

3